UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID S. PERRYMAN,

    Petitioner,

v.

BRIAN DUFFY, Warden,

    Respondent.

Case No. 15-cv-03879-YGR (PR)

**ORDER OF DISMISSAL; AND ADDRESSING PENDING MOTIONS**

Petitioner, a state prisoner, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application for leave to proceed *in forma pauperis* ("IFP"). Dkts. 1, 4. He has also filed a motion for recusal and a "Request for Guardian Ad Litem." Dkts. 5, 7.

Petitioner has filed a previous petition for a writ of habeas corpus with this Court, challenging the same conviction and sentence. *See* Case No. C 13-0311 YGR (PR). The Court denied the first petition on the merits.

## DISCUSSION

### I. MOTION FOR RECUSAL

Petitioner has filed a motion for mandatory disqualification or recusal of this Court, presumably pursuant to 28 U.S.C. §§ 144, 455. Petitioner claims that this Court erred in denying his first habeas petition in Case No. C 13-0311 YGR (PR). Dkt. 5 at 2. He also makes a conclusory allegation that this Court is "prejudiced against [him]." *Id.*

28 U.S.C. § 144 provides for recusal where a party files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party. The affidavit must state the facts and reasons for such belief. *See* 28 U.S.C. § 144. A judge finding the motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *See id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). If the judge finds the affidavits are not legally sufficient, recusal is simply denied. *See* 28 U.S.C. § 144; *United States v. $292,888.04 in U.S. Currency*, 54

1  F.3d 564, 566 (9th Cir. 1995) (affidavit inadequate when based on mere conclusory allegations).
A party may file only one such affidavit in each case.  *See* 28 U.S.C. § 144.  A judge is not required to refer a motion to recuse to another judge if the motion is neither timely nor legally sufficient.  *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999).

Meanwhile, 28 U.S.C. § 455 provides broader grounds for disqualification, but does not specify the procedure used and is self-enforcing on the part of the judge.  It requires a judge to disqualify herself in any proceeding in which her impartiality might reasonably be questioned.  *See* 28 U.S.C. § 455(a); *see also Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (recusal is appropriate where "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned").  As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case.  *See United States v. Zagari*, 419 F. Supp. 494, 506 n.30 (N.D. Cal. 1976).

Here, the Court finds Petitioner's affidavit in support of the motion to recuse this Court is not legally sufficient.  Petitioner's argument claiming prejudice stems from the Court's previous rulings denying his habeas petition.  The Court's adverse rulings are not an adequate basis for recusal.  *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999).  Therefore, Petitioner's motion for recusal is DENIED.  Dkt. 5.

## II. SECOND OR SUCCESSIVE PETITION

The Court finds the present petition is a second or successive petition attacking the same conviction and sentence as Petitioner's prior federal habeas petition.  A second or successive petition containing new claims may not be filed in the district court unless Petitioner first obtains from the United States Court of Appeals an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  Petitioner has not done so.  Accordingly, this petition is DISMISSED without prejudice to filing a new habeas action if Petitioner obtains the necessary order.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's motion for recusal is DENIED.  Dkt. 5.

2

2. The petition is DISMISSED as successive pursuant to 28 U.S.C. § 2244(b).

3. Based solely on Petitioner's lack of financial resources, Petitioner's application to proceed IFP is GRANTED. Dkt. 4

4. The Clerk of the Court shall enter judgment, terminate all remaining pending motions as moot, including his "Request for Guardian Ad Litem" (Dkt. 7), and close the file.

5. This Order terminates Docket Nos. 4, 5 and 7.

IT IS SO ORDERED.

Dated: January 13, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge