UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID S. PERRYMAN,

Petitioner,

v.

DAVID BAUGHMAN, Warden,[1]

Respondent.

Case No. 15-cv-03879-YGR (PR)

**ORDER GRANTING AN EXTENSION OF TIME TO APPEAL; AND DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY**

## BACKGROUND

Petitioner David S. Perryman filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 13, 2016, the Court dismissed the petition because it was a second petition, successive to his previous case, Case No. C 13-0311 YGR (PR), and he had not obtained from the Ninth Circuit Court of Appeals an order authorizing the district court to consider the petition. Dkt. 8. The Court entered judgment on the same date. Dkt. 9.

On February 22, 2016, Petitioner filed a notice of appeal as well as an application for a certificate of appealability ("COA"). Dkts. 10, 11.

In an Order dated May 18, 2016, the Ninth Circuit noted as follows:

> A review of the record demonstrates that the notice of appeal, served on February 18, 2016, and received by the district court on February 22, 2016, was not filed or delivered to prison officials within 30 days after the judgment entered on January 13, 2016. *See* 28 U.S.C. § 2107(a); *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (requirement of timely notice of appeal is jurisdictional). [Petitioner] also filed in the district court a motion for certificate of appealability, served on February 18, 2016, and received by the district court on February 22, 2016, in which he includes a "request to file application late" for medical reasons. The district court has not had an opportunity to consider the "request to file application late" included in appellant's motion for certificate of appealability.

Dkt. 13 at 1. Therefore, the Ninth Circuit remanded the case to the district court for the limited purpose of "allowing that court to consider whether the motion for certificate of appealability

---

[1] David Baughman, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1  served on February 18, 2016, includes a motion to extend the time to appeal under Federal Rule of
2  Appellate Procedure 4(a)(5), and if so, to rule on the motion." *Id.* at 2.  In addition, the Ninth
3  Circuit further noted that "[i]f the district court grants an extension of time to appeal, this appeal is
4  also remanded for the limited purpose of allowing the district court to grant or deny a certificate of
5  appealability at the court's earliest convenience." *Id.*

## DISCUSSION

### I.   EXTENSION OF TIME TO APPEAL

On February 22, 2016, Petitioner filed an application for a COA along with a "Request to File Application Late," in which he requests that the Court extend the time for him to file an appeal due to medical reasons.  Dkt. 11 at 2-4.  Petitioner claims to show good cause for the extension on the grounds that he is a "triple bypass heart patient" and he recently had to go to an "outside hospital for medical treatment." *Id.* at 2-3.  The Court finds that Petitioner's application for a COA includes a motion to extend the time to appeal under Federal Rule of Appellate Procedure 4(a)(5).

Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal "be filed with the clerk of the district court within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1).  Relief from the deadline for a timely notice of appeal may be obtained by a motion in the district court under Rule 4(a)(5), which allows for an extension of time if the party requests it within thirty days of the expiration of the time to file the notice and shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5).

Petitioner filed his motion to extend the time to appeal within thirty days of the expiration of the time to file his notice of appeal (February 12, 2016), and the request shows good cause.  Accordingly, the Court GRANTS Petitioner an extension of time to appeal *nunc pro tunc* to February 22, 2016, the date he filed his notice of appeal.

### II.  APPLICATION FOR A COA

An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding unless the petitioner first obtains a COA. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question

antecedent to the merits, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

Here, the petition was dismissed because 28 U.S.C. § 2244(b)(3)(A) requires that petitioners must obtain permission from the United States Court of Appeals before filing a second or successive petition. Petitioner did not obtain such permission, and he does not claim that he did not have a prior habeas case. Because jurists of reason would not find the Court's conclusion debatable or wrong, Petitioner's application for a COA is DENIED. Dkt. 11. Petitioner may, however, proceed to file a request for a COA directly with the Ninth Circuit. *See Nevius v. Sumner*, 105 F.3d 453, 458 (9th Cir. 1996).

**III.   CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. The Court finds that Petitioner's application for a COA includes a motion to extend the time to appeal under Federal Rule of Appellate Procedure 4(a)(5), and it GRANTS Petitioner an extension of time to appeal *nunc pro tunc* to February 22, 2016, the date he filed his notice of appeal.

2. Petitioner's application for a COA is DENIED. Dkt. 11.

3. The Clerk of the Court shall forward a copy of this Order to the Ninth Circuit.

4. This Order terminates Docket No. 11.

IT IS SO ORDERED.

Dated: May 27, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge